THE PEOPLE, for use of the Town of Alton, Appellee, *vs.*
GREEN PARKER *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. MUNICIPAL CORPORATIONS—*a town collector has no right to commissions in excess of $1500.* A claim by a town against a town collector for money retained by him as commissions in excess of $1500 is in no sense a doubtful claim which can be compromised for less than the full amount so retained, since the statute expressly provides that the excess of the town collector's commissions above $1500 shall be paid into the town treasury.

2. SAME—*voters at a town meeting cannot make a donation of public funds.* A town meeting, even by a unanimous vote, has no power to make a donation of public funds by passing a resolution directing the satisfaction, for a nominal sum, of a judgment for a large amount against the town collector and his bondsmen for commissions withheld by him in excess of the $1500 allowed him by law.

3. SAME—*resolution attempting to donate public funds does not work an estoppel.* A resolution adopted at a town meeting, the effect of which is to make a donation of public funds to the town collector and his bondsmen by directing the satisfaction, for a nominal sum, of a large judgment for commissions withheld by the collector without lawful authority, does not, though executed, estop the town from having the satisfaction of the judgment canceled.

4. ATTORNEYS AT LAW—*when an attorney will be presumed to have authority to prosecute suit.* A statement, in a motion by the defendants, to the effect that the attorney who appeared for the plaintiff, a municipal corporation, was not authorized to represent the plaintiff has no weight unless supported by evidence, and in the absence of any evidence on the subject it will be presumed that the attorney was authorized to represent the town.

5. NOTICE—*what is sufficient notice of motion.* Notice of a motion to set aside the satisfaction of a judgment, sent to the defendant by registered letter, which he received and receipted for, is sufficient written notice.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

The appellant Green Parker was town collector of the town of Alton for the year 1904 and the other appellants were the sureties on his official bond. He retained $2545.52 in settling with the county collector as his compensation, being two per cent of the amount of taxes collected by him. Suit was brought on his official bond for the excess retained over $1500, and a judgment was rendered against appellants, which was affirmed by the Appellate Court. A further appeal was prosecuted to this court, and while it was pending, on April 3, 1906, a town meeting was held in the town of Alton at which a resolution was unanimously adopted authorizing the supervisor, on payment of $25 by Green Parker, to satisfy of record the judgment of $1045.52 and costs. Green Parker paid the $25, the supervisor entered satisfaction of the judgment and appellants dismissed their appeal in this court. Thereupon the plaintiffs entered a motion in the circuit court to set aside the satisfaction of the judgment. The defendants, except Green Parker, entered a motion to strike the plaintiffs' motion from the files. The court denied the defendants' motion and sustained the plaintiffs' and ordered the satisfaction of the judgment canceled. The Appellate Court affirmed that order upon defendants' appeal, and they have again appealed to this court.

B. H. CANBY, and B. J. O'NEILL, for appellants.

LEVI DAVIS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The statute allows to the town collector a commission of two per cent on all moneys collected by him and expressly directs that the excess of commission over $1500 shall be paid into the town treasury. (2 Starr & Cur. Stat. sec. 36, p. 1922.) There was no doubtful claim to settle. None of the pleas filed to the suit on the bond set up a valid defense except that of *non est factum,* and there was no pre-

tense of a defense, in fact, under that plea. The collector admitted that he had retained the excessive amount. The resolution of the town meeting was merely a plain attempt to contribute to Mr. Parker somewhat more than $1000 of the town's money upon no consideration whatever. A town meeting cannot, even by a unanimous vote, make a gift of the public funds. Should the voters present at such a meeting desire to make a donation to some person or object, however worthy, they must do so from their own means and not from the public treasury. A municipal corporation holds its property in trust for public uses, and is bound to administer it faithfully, honestly and justly. Its funds can be used only for corporate purposes. They cannot be diverted to private use, nor can the municipal authorities or the electors give away the money or property of the municipality. *Sherlock* v. *Village of Winnetka,* 59 Ill. 389; *Jackson* v. *Morris,* 72 id. 364; *Whitlow* v. *Trustees of Schools,* 191 id. 457; *Cumberland County* v. *Edwards,* 76 id. 544.

The resolution and acts done under it did not constitute an estoppel, because the appellants must have known, when they procured the resolution to be passed, that the electors present at the town meeting had no power to present to them this sum of money from the town's funds, and they cannot, therefore, have been misled or deceived by the void action which they procured to be taken. Everyone is presumed to know the extent of a municipal corporation's control of its public funds, and such a corporation cannot be estopped to aver its incapacity when an effort is made to enforce against it a contract which it had no authority to make. *Stevens* v. *St. Mary's Training School,* 144 Ill. 336; *Hope* v. *City of Alton,* 214 id. 102; *May* v. *City of Chicago,* 222 id. 595; *City of Danville* v. *Danville Water Co.* 178 id. 299.

Appellants claim that Mr. Davis, who appears as appellee's attorney, does not represent the town of Alton and is

prosecuting this motion without any authority whatever. They state in their brief that Mr. Davis' only authority to represent the town is the supposed authority of a resolution of a town meeting passed April 4, 1905. We have searched the abstract in vain for any evidence of the correctness of this statement. No such resolution appears or is referred to in the abstract, except that appellants' motion contains the statement that the resolution of April 4, 1905, under which Mr. Davis claims authority to represent the town, was revoked by the annual town meeting of April 3, 1906. This statement is of no weight without evidence, and none was offered in support of it. The part of the resolution of April 3, 1906, referred to is as follows:

*"Be it further resolved,* That the resolution passed at the pretended annual town meeting of the town of Alton for the transaction of miscellaneous business, held on the 4th day of April, 1905, authorizing suits to be brought against former collectors of the town of Alton, be and is hereby revoked, set aside and declared null and void, because no notice was given of the time and place of holding such meeting, as is required by law."

This is no evidence that any resolution was passed on April 4, 1905, or that no notice was given of the time and place of holding a meeting on that day. The resolution of April 3, 1906, refers to that of April 4, 1905, as "authorizing suits to be brought against former collectors of the town of Alton." Mr. Davis' name is not mentioned, and whether this is one of the suits so authorized to be brought nowhere appears. Nothing appears in the evidence as to Mr. Davis' authority or connecting him or this case with either of the resolutions referred to, and it will be presumed he was authorized to prosecute the suit and the motion. *Robinson* v. *Harlan,* 1 Scam. 237; *Ferris* v. *Commercial Nat. Bank,* 158 Ill. 237.

It is insisted that there is no evidence that Green Parker was notified of the motion to set aside satisfaction of the judgment in the manner required by law. Notice was sent to him by registered letter, and a receipt for such letter,

231—31

signed by him, was produced on the hearing of the motion. This was written notice to him, and was sufficient.

There was no error in the action of the circuit court, and the judgment of the Appellate Court affirming its order is affirmed.

*Judgment affirmed.*