(No. 11385.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE UNION TRUST COMPANY *et al.*—(THE NORTHERN TRUST COMPANY, Trustee, Appellant.)

*Opinion filed October 23, 1917.*

1. INHERITANCE TAX—*inheritance tax may be assessed against succession to personal property in another State.* Personal property consisting of stocks and bonds owned by a resident of Illinois at his death but situated in a foreign State is within our Inheritance Tax law and the right of succession thereto may be taxed, but where the shares therein are paid over by the foreign administrator directly to the beneficiaries, who are non-residents, neither the Illinois administrator with the will annexed nor the Illinois trustee under the will is liable for the taxes assessed against the shares so paid over. (*People* v. *Union Trust Co.* 255 Ill. 168, followed.)

2. SAME—*when trustee is liable for inheritance taxes.* Where the balance of the estate of a testator, who resided in Illinois at his death, is paid over to the Illinois trustee under the will by the foreign administrator after administering the estate and paying over to the non-resident beneficiaries their shares of the testator's personal property, which was situated in the foreign State, such trustee is liable for inheritance taxes on the right of succession to the trust fund as fixed by the will. (*People* v. *Union Trust Co.* 255 Ill. 168, followed.)

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

CHARLES R. HOLDEN, and WILLIAM S. MILLER, for appellant.

EDWARD J. BRUNDAGE, Attorney General, and LEROY MILLNER, (HENRY F. HAWKINS, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal prosecuted by the Northern Trust Company, as trustee under the will of James C. King, deceased, from a judgment of the county court of Cook county fixing and assessing inheritance taxes upon the succession of property passing to various persons under the will of said King. At the time of his death King was a resident of the city of Chicago. His will was admitted to probate in the probate court of Cook county on December 19, 1905, and on the same day letters of administration with the will annexed were issued to the Union Trust Company of Chicago. A part of his estate consisted of certificates of stock and bonds of non-Illinois corporations of the value of about $600,000, which at the time of his death were in a safety deposit box in Los Angeles, California. He also had a bank deposit of $16,140 in Los Angeles. The action of the court in assessing inheritance taxes upon the succession of this property is the only question here presented for review.

The same question was involved and decided upon a former appeal of this cause in *People v. Union Trust Co.* 255 Ill. 168, where it was insisted, as it is now insisted, first, that no inheritance tax could be assessed under the laws of this State upon the transfer of the personal property situated in California, because neither the property nor the beneficiaries thereof were within this State; and second, that the county court, in assessing inheritance taxes upon the transfer of the personal property in California, failed to give due faith and credit to the decree of the superior court of Los Angeles county distributing that portion of the estate and discharging the California administrator.

The facts appearing from the record upon the former appeal were, that in February, 1906, an administrator with the will annexed was appointed by the superior court of Los Angeles county, California, who took possession of the personal property in that State left by the decedent, pub-

lished a notice to creditors and filed an inventory; that no claims were presented against the estate under that administration; that the California administrator, after paying the expenses of the administration, including inheritance taxes assessed under the laws of California, paid out approximately $114,000 directly to certain legatees under the will, said legatees being nephews, nieces, grand-nephews, grand-nieces, a brother and sister of the testator, all non-residents of Illinois, and a hospital association in California; that the California administrator, having reduced the securities to cash, then had on hand $439,727.17, which the superior court of Los Angeles county ordered and decreed should, as directed by the will, be turned over by the California administrator to the Northern Trust Company of Chicago, as trustee under the will, for the following purposes: Forty thousand dollars for each of the testator's nephews and nieces, the net income of said sum to be paid to them semi-annually for fifteen years after the testator's death, and at the end of said period the principals of said sums to be paid over to said nephews and nieces absolutely, provided, however, that if during the continuance of the trust any of the nephews or nieces should die leaving lawful issue surviving, such issue to take *per stirpes* the shares of the income and principal which their parent or parents would have taken if living; in the event of the death of any nephews or nieces without lawful issue, then the funds set apart for the deceased nephew or niece to become a part of the residuary estate; also, that there be paid out of the income of the balance of the trust estate, if any, to the brother and sister of the testator, in equal semi-annual installments, $2500 per annum during the life to the brother or sister, the balance of the trust estate, if any, to be used for the creation, erection, maintenance and endowment of an old men's home in or near Chicago.

By the judgment from which the former appeal was taken, and by the judgment from which this appeal was

taken, the county court fixed inheritance taxes upon the
legacies paid by the California administrator and upon the
present value of the annuities to be paid out of the trust
estate by the Northern Trust Company.    There are also
future interests included in said fund paid the trust com-
pany by the California administrator which may hereafter
be required to pay an inheritance tax in this State.    The
judgment from which the former appeal was taken imposed
a liability upon the Union Trust Company, both as admin-
istrator with the will annexed and in its corporate capacity,
for all inheritance taxes, with interest, due and owing in
said estate, and a liability upon the Northern Trust Com-
pany, as trustee and individually, for all inheritance taxes,
with interest, on all legacies and successions, payable out of
the funds limited by the will to the Northern Trust Com-
pany.    After full consideration we held that the personal
property of James C. King in California at the time of his
death was subject to the payment of inheritance taxes in
Illinois, and that the judgment of the county court assess-
ing inheritance taxes upon the succession of the personal
property in California did not deny to the California court
proceedings the full faith and credit to which they were
entitled by the constitution and laws of the United States,
but we further held that the judgment of the county court,
in so far as it made the Union Trust Company liable for
the inheritance taxes assessed upon the succession of the
personal property in California which never came into its
possession or under its control as administrator, and in so
far as it made the Northern Trust Company liable for in-
heritance taxes other than those assessed upon the succes-
sion of the trust fund limited to it, was erroneous, and the
judgment of the county court was reversed and the cause
was remanded to that court for further proceedings in har-
mony with the views expressed in the opinion.    A writ of
error was sued out of the Supreme Court of the United
States, but that court dismissed the writ of error for want

of jurisdiction, on the ground that the judgment of this court was not final. The cause was then re-docketed in the county court of Cook county and a new trial was had. Substantially the same proof was made upon the second trial as had been made upon the former hearing, and a judgment order was entered by the county court assessing inheritance taxes upon the transfers of the personal property which was situated in California at the time of the death of James C. King, but providing that neither the Northern Trust Company, as trustee, nor the Union Trust Company, as administrator, is liable for the payment of the inheritance taxes assessed upon legacies paid directly by the California administrator to persons or corporations non-residents of the State of Illinois; that the Union Trust Company, as administrator, is not liable for the payment of any inheritance taxes assessed upon annuities or legacies payable out of the funds turned over to the Northern Trust Company, as trustee, by the California administrator, but that the Northern Trust Company, as trustee, is liable ·to pay the taxes assessed upon such annuities or legacies, and such liability is a charge upon the trust fund received by it from the California administrator.

The rules of law governing the questions here raised were laid down by this court in the opinion rendered upon the former appeal of this cause, and, so far as the courts of this State are concerned, have become the law of the case. (*Newberry* v. *Blatchford,* 106 Ill. 584; *In re Estate of Maher,* 204 id. 25; *Hoffman* v. *Stephens,* 269 id. 376.) When those rules of law are applied to the facts appearing in the record now before us, no other judgment than the one from which this appeal is prosecuted could have been properly rendered by the county court.

The judgment of the county court is affirmed.

*Judgment affirmed.*