(Nos. 22412, 22430.—

THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Plaintiff in Error, *vs.* HENRY M. ASHTON *et al.* Defendants in Error.—THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Plaintiff in Error, *vs.* LEE R. LAROCHELLE *et al.* Defendants in Error.

*Opinion filed October 24, 1934.*

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, ROBERT S. CUSHMAN, BRENDAN Q. O'BRIEN, JACOB SHAMBERG, WILLIAM J. TUOHY, GERALD E. HORNIDGE, and WILLIAM P. KEARNEY, of counsel,) for plaintiff in error.

POPPENHUSEN, JOHNSTON, THOMPSON & COLE, WILLIAM F. STRUCKMANN, DAVID K. TONE, and TIM G. LOWRY, (FLOYD E. THOMPSON, EDWARD J. FLEMING, and ALBERT E. JENNER, JR., of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The People of the State of Illinois, on the relation of Thomas J. Courtney, State's attorney of Cook county, and on his relation individually as a resident and tax-payer of that county, filed in the circuit court of Cook county two informations against the members of the board of commissioners of Cook county, the county treasurer, the county clerk and certain attorneys therein named as defendants, seeking to enjoin the payment to the attorneys of county funds under alleged contracts entered into between the county board and those attorneys.

The informations, so far as the questions here are concerned, are in effect the same and need not be set out separately. In one case the alleged contract was for the collection of delinquent personal taxes and in the other for the collection of delinquent real property taxes. The two causes are consolidated here for review.

The informations averred that Courtney is the State's attorney of Cook county, and that on the 22d day of May, 1931, and on June 6, 1932, the board of commissioners, without power or authority, went through the form of passing resolutions, which are set out in the informations, attempting in case No. 22412 to employ Henry M. Ashton,

and others, to prosecute suits and collect delinquent real estate taxes and to authorize him to appear on behalf of and represent the people of the State and the county of Cook as attorney and solicitor, and fixed his compensation on a contingent basis. By amendment Edward M. Winston was substituted for Ashton. In case No. 22430 the charge is that the board illegally sought to authorize the employment of defendant in error LaRochelle and three other attorneys, to be chosen as prescribed in the purported contract, to bring suits and collect delinquent personal property taxes, compensation also being on the basis of a percentage of the amount collected. The informations allege that these contracts were *ultra vires* the power of the board and null and void, because (1) at the time the resolutions were passed and the purported contracts entered into no appropriation therefor had been previously made, as required by statute, and there was none in existence, and that the contracts were not made to meet unforeseen casualties by fire, flood or otherwise; (2) that the legal services enumerated and provided for in the resolution and contract are and were part of the duties and powers of the State's attorney of Cook county, which the county board or other official authority is without power to transfer to other official or non-official persons or to take away from the State's attorney; (3) that the State's attorney was not unwilling or unable to act, sick, absent, interested or in any way disqualified; that there were no suits pending in which it became necessary to appoint an attorney or attorneys to continue the prosecution because of the sickness, absence or interest of the State's attorney; that the contracts were not authorized under the constitution and the statutes of this State; that the State's attorney was conducting similar suits on behalf of the people for the purpose of collecting delinquent taxes and was not unable nor disqualified to prosecute all suits necessary. The informations also charge that certain of the county officers

who are made defendants have paid out large sums of money under these alleged contracts, and that other large sums, as claims, have been allowed by the county board, and unless enjoined the defendant county officers would pay out the same and thus divert public funds; that under the alleged contracts, vouchers had been drawn and warrants issued; that under the Winston contract the sum of $7263.92 had been ordered paid; that under the LaRochelle contract approximately $112,202.40 had been paid and claims against the county amounting to $235,100.40 had been approved by the county board, and that unless restrained the moneys would be paid as directed by the board.

The defendants filed a general and special demurrer to each of the informations, which demurrers were sustained, and plaintiff in error abiding the informations, they were dismissed.

The demurrers raised the following questions: (1) Whether Courtney, under the constitution and statutes, has authority to institute the present actions in his official capacity as State's attorney; (2) whether there has been a misjoinder of parties complainant and the informations are multifarious; (3) whether by an allegation in the informations that the money expended and about to be expended belongs to the county of Cook, a party defendant, the complainant is precluded from maintaining an action to protect the property interests of that defendant. These questions are presented here.

The demurrers admit the truth of material allegations of the informations well pleaded, among which are, that there was no antecedent appropriation by the county board by which to support these contracts, and in argument counsel admit that for that reason the contracts were not valid, but they say this is not a case which the State's attorney can institute, and that in any event the employment of private counsel to collect taxes was within the power of the county board.

Counsel for defendants in error have filed in this court a motion to transfer the cause to the Appellate Court for the First District, for the reason that there are no questions involved which give this court jurisdiction on direct review. Counsel for plaintiff in error reply that the revenue is involved; that the State is an interested party; that the construction of the constitution pertaining to the powers of the State's attorney and Attorney General is involved, and that therefore this court has jurisdiction on review. An examination of the briefs shows that the power of the State's attorney to bring this suit and the power of the county board to transfer the duties of the State's attorney are attacked on both constitutional and statutory grounds. A construction of the constitution is invoked, and so, regardless of argument pertaining to other elements of jurisdiction, this court has jurisdiction and the motion to transfer will be denied.

We come, then, to the primary question involved in this case—whether the State's attorney has power to bring this suit. This and procedural questions counsel for defendants in error insist are the only questions involved. They say that the demurrers raise only a question of authority of the State's attorney to maintain these actions against them, the question whether the people had any interest in the subject matter of the action which the State's attorney was authorized to protect, and whether there was a proper joinder of parties complainant and defendant.

It is argued that although the suit is brought on behalf of the people, no injury nor threatened injury to the people is alleged in the informations; that the informations show no interest which the State's attorney is authorized to protect and no basis for granting injunctive relief prayed; also, that the informations are multifarious and that there is a misjoinder of parties complainant.

Section 22 of article 6 of the constitution provides for the election of a State's attorney. Section 32 of that arti-

cle concerns the residence, performance of duties of the State's attorney and other officers and the filling of vacancies in the office. Those duties are to be as prescribed by law. The question arising in this connection is whether the county board has power to deprive the State's attorney of those duties or transfer them to private counsel. In *Fergus* v. *Russel,* 270 Ill. 304, the duties of a constitutional officer, such as State's attorney, are definitely stated, and it is there held that a legislative body may not strip a constitutional officer of his powers nor transfer them to others. Section 5 of the act entitled, "An act in regard to Attorney General and State's attorneys," enumerates the duties of the State's attorney. Among them is to commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in any court of record in his county in which the people of the State or county may be concerned. By section 33 of chapter 34 (Smith's Stat. 1933, p. 847,) it is made the duty of the county board "to take and order suitable and proper measures for the prosecuting and defending of all suits to be brought by or against their respective counties, and all suits which it may become necessary to prosecute or defend to enforce the collection of all taxes charged on the State assessment."

Counsel for defendants in error say that in this suit the State's attorney has no authority to institute and maintain actions against a county and the county officers, which and who are his clients. Counsel for plaintiff in error reply that the question of the authority to bring this suit cannot be reached by demurrer. It has been held since *Williams* v. *Butler,* 35 Ill. 544, and *Mix* v. *People,* 116 id. 265, that the power of counsel to bring a suit may not be questioned by demurrer. (*Butts* v. *County of Peoria,* 226 Ill. 270; *People* v. *Straus,* 355 id. 640.) The importance of this question, however, requires its disposition on other than procedural grounds.

Counsel for defendants in error, in support of their contention that the State's attorney has no power to bring this suit, have cited *Whiteside County* v. *Burchell*, 31 Ill. 68. In that case the State's attorney and one Bressler filed a bill against the board of supervisors of Whiteside county to compel the board to expend the money received for the sale of swamp lands, contending that in the draining and reclaiming of swamp lands all the people of the county had an interest. In that case it was held by this court that the State's attorney did not have power to bring the suit against the county to compel it to expend money, since it was his duty to defend the county in such an attempt. That the situation is not the same as here is patent. In that case the State's attorney took a hostile attitude against the county to compel it to pay out funds. In this case he is seeking to restrain county officers from paying out funds belonging to the county and to the people. But counsel for defendants in error say, if he be permitted to do this he is thus enabled to appear on both sides of a lawsuit and absurd consequences will arise, to which opposing counsel reply that where, as here, one of the State's attorney's statutory clients (in this case the people) sues another of his statutory clients—*i. e.*, county officers or the county board—the State's attorney has authority to represent the side which he believes to be right, and that no other workable construction can be placed upon section 5 of the Attorney General and State's Attorneys act. Numerous instances have occurred where the State's attorney has represented the people against officers or the county board. In *People* v. *Board of Supervisors*, 294 Ill. 579, the State's attorney represented the fire marshal in an original *mandamus* action against the county board of Gallatin county. In *People* v. *Zimmer*, 252 Ill. 9, the State's attorney prosecuted a *mandamus* proceeding against the sheriff to compel him to execute a sentence for contempt. *People* v. *Windes*, 283 Ill. 251, *People* v. *Wil-*

*liams,* 330 id. 150, *People* v. *Fisher,* 303 id. 430, *People* v. *Kelly,* 352 id. 567, *People* v. *Williams,* 352 id. 227, and *People* v. *Jarecki,* 352 id. 207, are all cases in which the State's attorney brought *mandamus* or other proceedings against judges or other officers of the county, each of whom was his statutory client.

It would be an unreasonable construction of section 5 of the State's Attorneys act to say that the State's attorney in the discharge of his duties has no choice in such a situation as arises here. A strict construction would require the State's attorney in any suit against a county officer by the county to appear on both sides of the case. It may be further observed in answer to the statement that the duty of the State's attorney is to represent and not prosecute the county or county officers, that what the State's attorney is seeking in this lawsuit is the protection of his right to represent the county board in the tax collection cases. One of the grounds of the attack on the validity of the contracts which the board attempted to make with the defendant attorneys is that they take away from the State's attorney his constitutional and statutory duty and right to represent the county in the matter of collecting delinquent taxes. Must it be said that when such occurs the State's attorney is powerless to defend his constitutional privileges because to do so would be to bring suit against those of his clients who have attempted to deprive his office of its duties? To so hold would be to render him powerless to protect his office—a holding not within the contemplation of law.

Defendants in error cite *Streuber* v. *City of Alton,* 319 Ill. 43, in support of their contention the State's attorney cannot maintain this suit. In that case the State's attorney, on relation of four tax-payers, filed a bill to restrain the city of Alton from diverting certain land dedicated as a landing for boats. In that case it was held that the State's attorney has no right to question the validity of an elec-

tion, but the right of the State's attorney to bring the suit, as representing the public, was recognized. It was said: "It [the suit] is brought by the State's attorney representing the public—that is, the people of the State of Illinois— and it is the public injury which constitutes the cause of complaint." So in this case, the State's attorney is representing the people, as against the county officers and county board, in the protection of the people's interests. Thus it is seen that the contention of counsel for defendants in error that the interest of the public is not shown cannot be sustained. The *gravamen* of the charge is the diversion of public money to an illegal purpose. The injury is to the State as well as against the interest of the people of the county of Cook.

Other questions have been raised, which, however, we do not deem of sufficient importance to call for further extension of this opinion.

It is apparent to us that the informations are not open to the objection of multifariousness or improper joining of persons. The presence of the State's attorney as relator in the suit is not essential, does not amount to a misjoinder of parties, and the informations are not for that reason multifarious. *People* v. *Holten,* 259 Ill. 219; *Jackson* v. *Norris,* 72 id. 364.

It is also said in case No. 22430 that the demurrer was properly sustained because Frank H. Chambers, superintendent of public service, who it was said was a party to the contract, was not made a party defendant to the information. It appears, however, from the record that Chambers was acting merely as one of the agents who signed the name of Cook county to the contract. He neither authorized the execution of the contract nor participated in the payment of the funds and no relief could be prayed against him. There was therefore no reason to make him a party to this proceeding. Story's Eq. Pl.

(8th ed.) p. 231; Daniell's Ch. Pl. & Pr. (3d ed.) p. 298; 59 Corpus Juris, p. 1140, note.

The circuit court erred in sustaining the demurrers to these informations, and the decree in each case is reversed and each cause is remanded to the circuit court, with directions to overrule the demurrers filed therein.

*Reversed and remanded, with directions.*