(No. 30261.

THE PEOPLE *ex rel.* William J. Tuohy, State's Attorney, Appellee, *vs.* EDWARD M. WINSTON, Appellant.

*Opinion filed January 22, 1948—Rehearing denied March 11, 1948.*

WEIGHTSTILL WOODS, (HORACE RUSSELL, RICHARD H. WOODS, and LAWRENCE C. MILLS, of counsel,) all of Chicago, for appellant.

WILLIAM J. TUOHY, State's Attorney, (JACOB SHAMBERG, GORDON B. NASH, and JACOB L. SHEER, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County striking an amended answer and counterclaim filed by appellant, Edward M. Winston, to recover a reasonable compensation for legal services performed by him in the collection of forfeited real estate taxes, pursuant to his employment by the board of commissioners of Cook County. This cause is now before us for the third time. The decisions upon the two former occasions are reported in *People ex rel Courtney v. Ashton,* 358 Ill. 146, and *Ashton* v. *County of Cook,* 384 Ill. 287. A complete statement of the resolutions of the board and the facts concerning appellant's employment is contained in those opinions.

On July 22, 1933, the State's Attorney of Cook County instituted this suit, numbered B-272693, in the circuit court of that county by filing an information in equity against Winston and others, charging that the resolutions adopted by the board were *ultra vires* and void; and praying that

Winston be required to account for money previously received by him pursuant to his contract of employment and that the board of commissioners be enjoined from paying him the sum of $7263.92, which had been audited and allowed to him under his said contract of employment. A motion to dismiss was filed by the defendants. The circuit court sustained the motion and the cause was dismissed. A writ of error to review the order of dismissal was issued to the circuit court by this court, and this court, upon hearing, reversed the decree of the court below and remanded the cause to that court. *People ex rel. Courtney* v. *Ashton,* 358 Ill. 146.

After the case was remanded, Winston filed an answer and counterclaim in which he sought to recover the fees alleged to be due him under his contract of employment with the board of commissioners. A motion to strike the answer and counterclaim was sustained. Winston elected to stand by his pleading and thereupon final judgment was entered, dismissing the same for want of equity and directing that he take nothing by his counterclaim. The court, however, in the decree, reserved jurisdiction on the subjects of accounting and injunction as against Winston. An appeal was taken by Winston from that decree to this court. That appeal, No. 27169, was consolidated with another appeal of Winston's, then pending before us in cause No. 27163, the primary question in each being as to the liability of the county of Cook to pay for legal services performed pursuant to employment by the board of commissioners.

Cause No. 27163 was an appeal in an action at law, numbered 39C-6955, in the circuit court of Cook County, filed by Henry M. Ashton and Ralph O. Butz against the county of Cook to recover for legal services performed by them under similar employment by the board of commissioners. Winston, who was first made a defendant but upon his petition was dismissed as a defendant and joined

as a plaintiff, filed an answer and counterclaim seeking recovery from the county for the same legal services performed by him as were involved in cause No. 27169 and are involved in the present appeal. Butz also filed a separate complaint, which contained a count on *quantum meruit.* The county moved to strike the complaints of Ashton and Butz and the answer and counterclaim of Winston. The court sustained the motion and entered an order striking said pleadings and dismissing the cause, after first reciting that in the opinion of the court it would be impossible for the plaintiffs, Henry M. Ashton, Ralph O. Butz and Edward M. Winston, to state a good cause of action predicated on the legal services alleged to have been performed or on the subject matter in the contracts here involved or on said contracts, and that it would be futile to grant leave to the said plaintiffs to amend. It was from this order that Winston, as well as Ashton and Butz, perfected appeals to this court in cause No. 27163, which were consolidated with the appeal of Winston in cause No. 27169; and this court, on hearing the consolidated appeals, affirmed both the decree and the judgment from which said appeals were taken. (*Ashton* v. *County of Cook,* 384 Ill. 287.) The judgment in cause No. 27163 was affirmed without remanding the cause. The decree in cause No. 27169 was affirmed and the cause remanded with directions, both the opinion and the mandate of this court reciting that "as the appellee asked for certain other relief against the defendants and for the purpose of preserving the rights and questions under that branch of the case, the cause is remanded to the circuit court with directions to proceed as to such matters."

In the opinion then filed (*Ashton* v. *County of Cook,* 384 Ill. 287,) it was held that it is the duty of the State's Attorney to prosecute suits to enforce the collection of delinquent taxes and the county board has no authority to employ private counsel in the collection of such taxes, that therefore the contracts of employment under which Win-

ston and the other appellants claimed were *ultra vires* and void, the county was not estopped to deny its liability to pay for their services, and appellants could not recover either upon said contracts of employment or on *quantum meruit*. With respect to the question of estoppel, it was said: "Everyone is presumed to know the extent of a municipal corporation's control over its public funds and such corporation cannot be estopped to aver its incapacity when an effort is made to enforce against it a contract which provides for payment from such funds when it has no power to make such an agreement." And in discussing the contention that recovery should be permitted on a *quantum meruit*, it was said: "Such a recovery is founded on the implied promise of the recipient of services or material to pay for something which he has received that is of value to him. Such principle can have no application in this case for the reason that the contracts were wholly void and created no rights and imposed no obligations. They come within the principle of law that where the legislature has withheld a power it is the same as though the exercise of the power was prohibited by law. (*Continental Illinois Nat. Bank and Trust Co.* v. *Peoples Trust and Savings Bank,* 366 Ill. 366.) To permit recovery of compensation in these cases on a *quantum meruit* would, in legal effect, give sanction to the giving of public funds to private use for the performance of duties which the law imposed upon the State's Attorney and for which he receives the salary fixed by law."

After the cause was remanded, Winston filed an amended answer and counterclaim for an accounting in equity and compensation for his said legal services and reimbursement for expenses. This amended pleading avers that the written resolution of the board of commissioners, in accordance with the mandate of this court, is not a contract, but alleges that such resolution, adopted by the board with the written consent thereto of the State's Attorney, was governmental

action, sanctioned by section 10 of article X of the constitution, appointing and directing appellant as special attorney to carry out the instructions given to him in such resolution until such time as the State's Attorney or the county board might recall their joint approval and consent for appellant to conduct litigation referred to him by the county board, with the consent of the State's Attorney; that by filing the present suit on July 22, 1933, the State's Attorney withdrew approval and consent to further continuance of action under such resolution; that before such rescission, appellant had performed substantial legal services and had incurred and paid various expenses as directed to do by said county officials, and there had been audited and allowed by the county, through its regular administrative channels, as an account stated to December 31, 1932, for such expenses, the sum of $7263.92, no part of which had been paid to appellant; that by reason of the legal services of appellant prior to the filing of the present suit, there was collected and paid into the country treasury of Cook County upwards of $16,500,000; and that under section 10 of article X of the constitution and as a matter of law and equity and good conscience, it is the duty of the county to reimburse appellant for his expenses incurred, and that, likewise, there is also due to appellant a reasonable compensation for his said legal services to be measured by the benefits conferred and the unjust enrichment achieved and obtained by the county by reason of such services.

The county filed a motion to strike this amended answer and counterclaim upon the grounds (1) that the subject matter thereof had been fully adjudicated against appellant by the final orders of the circuit court entered in this cause and in case No. 39C-6955 in said circuit court, and by the judgment of this court in *Ashton* v. *County of Cook*, 384 Ill. 287, affirming said final judgment and said final decree of the circuit court; (2) that the filing of said

amended answer and counterclaim is contrary to the mandate of this court in *Ashton* v. *County of Cook,* 384 Ill. 287; and, (3) that the subject matter of said amended answer and counterclaim does not afford a basis in law or chancery for recovery.

The court sustained the motion and entered an order dismissing the amended answer and counterclaim, for the reason that the subject matter thereof had been fully adjudicated by the said court and affirmed by this court and for the reason that the said amended answer and counterclaim is contrary to the mandate of this court previously filed in this cause. From this order Winston has perfected an appeal and again brought the record before us for review.

It is well settled, as appellant concedes, that when a cause has been once determined by a court of last resort, in a decision covering the merits of the case, the unsuccessful party cannot have another hearing on a second appeal as to the same matters or cause of action. Appellant contends, however, that his amended answer and counterclaim sets up a new cause of action, based upon a new theory and raising new issues and new constitutional questions which were not involved in the other appeal. He claims the only question determined by the appeal in *Ashton* v. *County of Cook,* 384 Ill. 287, was that the resolution of the board of commissioners in relation to appellant was not a contract and that therefore his answer and counterclaim asserting it was a valid contract should be stricken; that his amended answer and counterclaim does not rely upon any theory of contract, express or implied, but by its language expressly excludes all theory of contract; that the new pleading does not claim that the resolution was a contract or that it created a contractual relationship with appellant, but that it claims and shows that the resolution was an act of legislation, enacted by the board of commissioners under the authority of section 10 of article X of the constitution and that

appellant had an employment and status as special attorney, created by said resolution of the board, authorizing and directing the services rendered for which the counterclaim is brought.

It is apparent upon the face of the amended counterclaim and from the contentions urged in support thereof, that appellant seeks a reversal of the former holding, declaring the resolution in question utterly void for want of power in the board of commissioners to employ private attorneys to collect delinquent taxes. The argument of appellant, although purporting to be in support of a new theory and a new cause of action is apparently directed against our former opinion. We held there the board of commissioners was prohibited by law from employing private attorneys to collect delinquent taxes and that the resolution of the board authorizing and directing appellant to perform such services was wholly void and imposed no obligation upon the county. Our decision in the *Ashton case* leaves no doubt on this point, and, under our reasoning as presented there, no difference appears whether the resolution be called a contract or an act of legislation, or whether appellant claimed such resolution gave him a contract of employment, or whether it created a status of employment. In either case, and regardless of the designation by which the resolution be referred to, or of the nature of the claim based thereon for services rendered thereunder, the fact remains that such resolution is an attempt by the board to exercise a power prohibited by law and is therefore necessarily *ultra vires* and void. That question was settled upon the former appeal, and we are not at liberty upon this appeal in the same case to re-examine and re-determine the same. The decision in the first appeal has become the settled law of the case; (*People ex rel. Leighty* v. *Young*, 309 Ill. 27; *People* v. *Union Trust Co.* 280

Ill. 170;) and we will take judicial notice upon this appeal of the record reviewed and the questions decided upon the former appeal of the case. *Newberry* v. *Blatchford,* 106 Ill. 584.

Appellant's position in his counterclaim contending he is entitled to compensation because of the benefits conferred upon the county and the unjust enrichment obtained by the county by reason of such services is not tenable. His claim for compensation and his rights to recover for services performed in pursuance of the invalid resolutions of the county board were fully adjudicated and all matters pertaining thereto were determined and fully disposed of.

The decree of the circuit court striking appellant's original answer and counterclaim was affirmed and the cause remanded to the trial court, not for further proceedings in regard to appellant's claim against the county or for the purpose of relitigating in any manner the question of the county's liability to appellant, but for the purpose of proceeding on the subjects of accounting and injunction as against appellant, concerning which subjects the circuit court in the decree appealed from had retained jurisdiction. In obedience to the mandate, it would seem to have been the duty of the circuit court to have refused leave to appellant to file the amended answer and counterclaim. However, the court, on motion, struck the amended pleading which was filed and this accomplished the same result. There was no error in this, and the decree striking appellant's amended answer and counterclaim must be, and the same is, hereby affirmed.

*Decree affirmed.*