(No. 75-CC-1194—

CENTRAL OFFICE EQUIPMENT COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1979.*

DAVID ECKSTEIN GOLDMAN, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant seeks recovery in the sum of $1,293.98 for materials furnished to complete a storage rack system installed in the Secretary of State's License Plate Facility at Industrial Park, south of Springfield. The payment was not authorized by the Secretary of State's office because there was no purchase order or agreement entered into.

The Respondent contends that the claim is one resting on quantum meruit and that such cannot be a

basis for a claim against the State, citing *People v. Winston* (1948), 399 Ill. 311, 77 N.E.2d 665.

Claimant entered into a contract to supply a rack storage unit for the Secretary of State at a new facility on Dirksen Parkway. The contract was awarded to Claimant in September 1972. In the following August or September, the Claimant was advised to install a pallet rack in the old facility at Industrial Park rather than the new facility.

To make the installation at the new location required extra parts. He was informed verbally to proceed to the completion "no matter what it costs."

It thus appears that Claimant proceeded in good faith to order the parts and install them but they weren't paid for because no prior purchase order had been issued—just a verbal authorization.

No claim is made for the contract price as originally bid and payment in full of such amount has been made. The claim is only for needed extras required in changing the job from the new site to the old facility.

The statute says, ". . . a purchase order emanating from an office or official authorized to obligate the funds of the State is a prerequisite to the establishment of an obligation . . . against the State"

"It is well established that Quantum Meruit does not lie against the Sovereign. There are statutes dealing with State purchases and there are rules and regulations. These statutes, rules and regulations are all published and available to any vendor who cares to acquaint himself with them."

It may very well be that this seems to be a harsh treatment of the matter. On the other hand, to allow quantum meruit in this instance would establish a precedent that could very well be the basis for a greater

evil—expending public funds without a proper authorization in the first instance.

Claim denied.