(No. 46250.—

JAMES FITZGERALD, County Treasurer, Appellant, v. THE COUNTY OF KANE *et al.*, Appellees.

*Opinion filed September 27, 1974.*

Gerry Dondanville, State's Attorney, of Elgin (Clarence F. Wittenstrom, Jr., of counsel), for appellant.

Joseph H. Barnett, Special State's Attorney, of Aurora, appointed by the court, for appellees.

William J. Scott, Attorney General, of Springfield (Robert M. Rogers, Assistant Attorney General, of counsel), for *amicus curiae* the People of the State of Illinois.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

James Fitzgerald, county treasurer and *ex-officio* county collector of Kane County, appealed to the appellate court from the judgment of the circuit court of Kane County dismissing his action for declaratory judgment. We allowed his motion filed under Rule 302(b) and ordered the appeal taken directly to this court.

In his complaint, in which the County of Kane and all the members of the county board were named defendants, plaintiff alleged that he was the duly elected and qualified treasurer of Kane County; that on January 9, 1973, pursuant to the provisions of the County Funds Depository Act (Ill. Rev. Stat. 1971, ch. 36, par. 17 *et seq.*), the county board designated certain banks as depositories in which funds in his custody could be kept; that thereafter plaintiff acting in his capacities of county treasurer and *ex-officio* county collector "deposited funds and public monies in various of said designated depositories"; that he "is informed and believes" that on January 9, 1973, and thereafter "certain individual members of the County Board of Kane County held shares of stock in certain of the banks" designated as depositories; that certain named members of the county board owned shares of stock in certain of the banks, also named in the complaint; "that plaintiff is informed and believes" that a number of other members of the county board of Kane County were shareholders in said banks on January 9, 1973; that under the provisions of section 3 of the Corrupt Practices Act (Ill. Rev. Stat. 1971, ch. 102, par. 3) any contract of deposit with said banks was void; that the County Funds Depository Act "provides plaintiff *** with the benefits of discharge from responsibility for funds and monies which he deposits in a designated depository" and he wishes to avail himself of those benefits; and that an actual controversy exists. To the extent here pertinent, the relief prayed was that the court declare "The contracts of deposit hereinbefore specified, made pursuant to *** said ordinances, and the said ordinances" invalid.

Although the resolutions which designated the depositories enumerated 26 banks, the complaint alleged only that 5 members of the county board owned shares of stock in 6 of the designated depository banks, and no mention was made by name of either the remaining members of the county board or the 20 remaining banks. The complaint

contains an allegation made on information and belief which can be construed to mean that other members of the county board own stock in the 6 named banks or in all of the 26 banks.

The defendants moved to dismiss, the motion was allowed, the case was dismissed, and this appeal followed.

On April 13, 1973, in Opinion No. S—575, issued to the State's Attorney of Winnebago County, the Attorney General expressed the opinion that deposits of public funds by a county treasurer and *ex-officio* county collector in banks "designated" by the county board pursuant to section 4 of the County Funds Depository Act, and in which banks members of the county board own stock are void under the provisions of section 3 of the Corrupt Practices Act. Clearly, the theory of the complaint was based on the rationale of the Attorney General's opinion, and the plaintiff, and the Attorney General as *amicus curiae*, advocate this position on this appeal. In dismissing the action the circuit court held that the county board in designating depositories pursuant to section 4 of the County Funds Depository Act (Ill. Rev. Stat. 1971, ch. 36, par. 20) did not "act or vote" in the "making" of contracts of deposit by the treasurer within the meaning of section 3 of the Corrupt Practices Act and held that the deposits were valid. The defendants argue that the circuit court's decision was correct.

In our opinion the complaint in this case did not allege an actual controversy and the action was filed, not for the purpose of adjudication of a controversy, but in order to obtain an advisory opinion. Section 4 of the County Treasurer Act (Ill. Rev. Stat. 1971, ch. 36, par. 4) charged the plaintiff with the duty to "receive and safely keep the revenues and other public moneys of the county," and although under section 4 of the County Funds Depository Act he may request the county board to designate a bank or banks or other depository in which the public moneys in his custody may be kept, he has the sole

and complete responsibility to decide in which bank, if any, he will deposit public funds which are in his custody. (*People ex rel. Nelson v. West Englewood Trust and Savings Bank,* 353 Ill. 451.) The effect of his request for the designation of the depositories by the county board, and his deposit of funds in accordance with the designation and with the provisions of the County · Funds Depository Act, is to relieve him of responsibility for the funds while they are so deposited. (Ill. Rev. Stat. 1971, ch. 36, pars. 20, 34.) Parenthetically we note that our discussion of these sections of the County Funds Depository Act is not to be taken as indicating approval thereof and that we express no opinion either as to the validity of the provisions for the release of personal liability of the country treasurer (*cf. People ex rel. Nelson v. West Englewood Trust and Savings Bank,* 353 Ill. 451, 466), or whether under the Constitution of 1970 the holding of *People ex rel. Nelson* would be followed. We decide only the issues presented on the record before us.

Although the resolutions of the county board designated 26 banks as depositories, the allegations of stock ownership and deposits relate to only 6 of them. Nothing in this record suggests plaintiff's reasons for the selection of those 6 banks in which to make deposits, nor does it appear that anything prevents the withdrawal of the funds from those 6 banks and their being deposited in one or all of the remaining 20, thus retaining for plaintiff the benefits of the statutory provisions designed to relieve him of personal responsibility.

Another aspect of this case which tends to persuade us that no controversy exists and that a decision on the merits would be only an advisory opinion is the fact that none of the six banks which hold the allegedly invalid deposits were made parties to this action. The deposit of funds in the banks created a contractual relation between the depository bank and plaintiff (*Sanders v. Merchants State Bank of Centralia,* 349 Ill. 547, 563), and a decision

finding a bank deposit invalid would materially affect the depository bank. "Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests, the court should not proceed to a decision of the case on the merits. The objection may be made by a party at the hearing or on appeal or error, and the court will upon its own motion take notice of the omission and require the omitted party to be made a party to the litigation even though no objection is made by any party litigant. [Citations.]" *Gaumer v. Snedeker,* 330 Ill. 511, 515.

The facts alleged in this complaint do not state an actual controversy, and it was properly dismissed. (*Beck v. Binks,* 19 Ill.2d 72, *cert. denied,* 364 U.S. 475, 5 L. Ed. 2d 221, 81 S. Ct. 243.) The judgment of the circuit court of Kane County is affirmed.

*Judgment affirmed.*