HOWARD WEITZMAN, Plaintiff-Appellant, v. COOK COUNTY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—1188

Opinion filed May 23, 1985.—Rehearing denied July 15, 1985.

Bernard Allen Fried, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Gregory J. Lisinski, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff taxpayer sought injunctive relief on behalf of himself, all other taxpayers similarly situated, and the taxing districts to restrain the Cook County Board from allegedly violating its fiduciary duty to plaintiffs by awarding certain properties purchased at a scavenger sale to Neighborhood Housing Development Organizations rather than selling said properties to the highest cash bidders.

The Cook County Board moved to dismiss plaintiff's amended complaint on the basis that he lacked standing to assert the rights of the

taxing districts and that he had failed to show that the Cook County Board had abused its discretion. The trial court granted defendant's motion, and plaintiff now appeals.

We affirm the decision of the trial court.

BACKGROUND

Pursuant to section 216d of the Illinois Revenue Act, defendant Cook County Board (board) entered "no cash bids" on certain properties offered for sale in 1983 under the provisions of the Scavenger Act (Ill. Rev. Stat. 1983, ch. 120, par. 697d).

In force and effect at the time such properties were acquired by defendant were certain "Agreements for Scavenger Sale" executed between the board and several Neighborhood Housing Development Organizations (NHDO). In said agreements, the board set forth its goal of returning tax delinquent properties to timely tax-producing status and its desire to assist in the rehabilitation of these properties for the purpose of providing affordable housing for low- and moderate-income residents.

The substantive sections of the agreements provided that, pursuant to section 216d of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 697d), the board agreed to make no-cash bids equal to the amount of the tax delinquency on offered properties and to obtain title thereto. The NHDO correspondingly agreed to tender to the board the sum of $2,000 within five days of signing the agreement, to be placed in an escrow account and ultimately applied in partial payment of the tax delinquency. The agreement further specified as follows:

"This agreement shall be contingent upon NHDO's securing within six (6) months of the date the property is sold at the tax sale, financial commitments sufficient to bring the Property into substantial compliance with local building codes. If NHDO does not obtain the necessary financial commitments, NHDO shall notify the County in writing within said time period. If the County is not so notified, it shall be conclusively presumed that NHDO has secured such commitment. If NHDO notifies the County as above provided, this contract shall be null and void and the escrow funds *** shall be returned to the NHDO."

In the agreement, the NHDO covenanted that for a period of seven years, the property was to be used for the benefit of low- and moderate-income persons, defined as those persons earning no more than 80% of the Cook County median income. Should the NHDO fail to rehabilitate the subject property and not provide low-income housing for the required period, the current owner would become obligated for pay-

ment of a penalty in the amount of all taxes, interest, and penalties extinguished by the tax deed.

In performance of the aforementioned agreements and pursuant to section 216d of the Revenue Code, which empowers the board with the authority to "sell or assign the tracts of land [acquired at a Scavenger sale]" (Ill. Rev. Stat. 1983, ch. 120, par. 697d), the board instituted tax deed proceedings to obtain title to the subject properties in order to assign them to the NHDO.

Plaintiff, Howard Weitzman, a taxpayer and property owner in Cook County, brought suit on behalf of himself, all other persons similarly situated, and the taxing districts of Cook County, seeking to enjoin the board from conveying the properties to the NHDOs. Plaintiff alleged that the board, by executing contracts with the NHDOs rather than selling the properties to the highest cash bidders, had violated its fiduciary duty to those entitled to the proportionate distribution of the proceeds of taxes levied and assessed upon the properties. Plaintiff further alleged that the "taxing district beneficiaries" of the "no cash bids" would suffer a loss of income by the board's action and that, consequently, plaintiff and others similarly situated would be forced to pay increased taxes.

Defendant board filed a motion to dismiss plaintiff's complaint, contending that plaintiff failed to allege facts sufficient to demonstrate that he had standing to assert the rights of a taxing body or that the board had abused its discretion. The trial court granted defendant's motion to dismiss and granted plaintiff leave to amend his complaint.

Plaintiff, in his amended complaint, failed to allege facts showing that he had made prior demand on the taxing districts to bring suit in their own behalf.

Defendant stood on its motion to dismiss as to plaintiff's amended complaint, and defendant's motion was granted. Plaintiff now appeals from that order dismissing with prejudice his amended complaint.

OPINION

■ On appeal, plaintiff contends that the dismissal of his complaint was improper because, based on his taxpayer status, he had standing to bring this taxpayers' action. The board disputes this contention, asserting that plaintiff lacks standing to assert the rights of a taxing body, particularly in light of the uncontested fact that he failed to first make demand on and be refused by the taxing districts to bring suit in their own behalf. Defendant further asserts that plaintiff failed to show that the board, by exercising the authority delegated to it by statute, abused its discretion. For the reasons discussed below, we

agree with defendant and find that plaintiff lacks standing to bring the instant taxpayers' action.

We initially note that a prior demand was indeed necessary. In *Metropolitan Sanitary District ex rel. O'Keefe v. Ingram Corp.* (1981), 85 Ill. 2d 458, 426 N.E.2d 860, the Illinois Supreme Court held that a prior demand to sue or a showing that such a demand would have been futile is a precondition to bringing a taxpayers' action. The condition precedent to the maintenance of a taxpayers' suit is to make a demand on the proper public official to bring suit in the name of and on behalf of the municipality, here, the taxing districts. (*Tupy v. Oremus* (1982), 105 Ill. App. 3d 932, 435 N.E.2d 197.) The reasons for requiring that a demand be made upon the proper public officials prior to the bringing of a taxpayers' action is the underlying presumption that public officers, in the absence of any showing to the contrary, are ready and willing to perform their duties. (*City of Chicago ex rel. Konstantelos v. Duncan Traffic Equipment Co.* (1983), 95 Ill. 2d 344, 447 N.E.2d 789.) The *Konstantelos* court explained as follows:

"If the demand requirement did not exist for *** taxpayer suits, overofficious citizens could frustrate the orderly administration of governmental responsibilities, and such citizens would be encouraged to substitute their discretion for that of those to whom the law has confided that discretion." 95 Ill. 2d 344, 354, 447 N.E.2d 789.

To survive a motion to dismiss a pleading in a taxpayers' action, a taxpayer must allege in his complaint facts to show either that a demand has been made and that the proper authorities refused to act or that such a demand would have been futile. (*City of Chicago ex rel. Konstantelos v. Duncan Traffic Equipment Co.* (1983), 95 Ill. 2d 344, 447 N.E.2d 789.) Here, plaintiff was granted leave to amend his complaint in order to allege the facts necessary to support his request for injunctive relief. Nowhere in plaintiff's complaint, as amended, does he allege that a prior demand was made on the taxing districts to bring suit on their own behalf or that such demand would have been futile. Absent such allegations or any evidence in support thereof, plaintiff's complaint was legally insufficient and contained an insufficient averment of facts to demonstrate that he had the necessary standing to assert the rights of the taxing districts. *People ex rel. Lee v. Kenroy, Inc.* (1977), 54 Ill. App. 3d 688, 370 N.E.2d 78.

Plaintiff relies on *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 456 N.E.2d 73, in which the supreme court found that a property owner had standing to challenge a statutory property tax exemption as unconstitutional on its face, where it was alleged that the granting of the

exemption operated to generally raise the amount of real property tax which the plaintiff had to pay. The *McKenzie* court held that the plaintiff taxpayer alleged a sufficient stake or interest in the controversy to confer standing upon him. The court rejected the argument that there is no right in an individual taxpayer to bring a suit for the collection of taxes, because such suit must be brought by the person or agency designated by statute for that purpose. The court based its rejection of this argument as applied to the facts of *McKenzie* on the distinguishing factor that, in *McKenzie*, the plaintiff sought to enjoin public officials from enforcing a tax-exemption statute which allegedly was facially unconstitutional and facially violated the constitutional guarantee, made to real property owners in Illinois, that the burdens of real property taxation will be evenly distributed among all owners of such property. *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 456 N.E.2d 73.

*McKenzie* is inapposite to the instant case in several respects. First and most importantly, plaintiff here does not bring himself within the ambit of a specific constitutional guarantee, nor does he point to a statute that authorizes a public official to act in such a manner as to be facially unconstitutional. What plaintiff here contends is that the board, which indeed acted pursuant to its statutory grant of authority (Ill. Rev. Stat. 1983, ch. 120, par. 697d), breached a duty to plaintiff by not selling the acquired property to the highest cash bidder.

The specific and clear language of the authorizing statute, empowering the board to "sell or assign the tracts of land so acquired [from Scavenger sales]" (Ill. Rev. Stat. 1983, ch. 120, par. 697d) contains no guarantee to the taxpayer that the subject property (a) will be sold, or (b) will be sold to the highest cash bidder. The only guarantee set forth in the statute is that the county shall distribute the proceeds of said sale or assignment to the taxing districts, including the State of Illinois. Ill. Rev. Stat. 1983, ch. 120, par. 697d.

The language of section 235a of the Revenue Act reiterates that the "County [Board] *may* sell the tracts of land or lots so acquired." (Ill. Rev. Stat. 1983, ch. 120, par. 716a.) The word "may" suggests that not only may the board exercise discretion as to whom the tracts are sold, but that the board may exercise discretion *as to whether* the tracts are sold at all. Thus, unlike the challenge lodged in *McKenzie*, against a facially unconstitutional statute that violates a constitutional guarantee, the challenge lodged here is upon a single official action, authorized by a facially valid statute, and involving discretion on the part of the public officials as to whether to act at all. For these reasons, we find that plaintiff's reliance on *McKenzie* is misplaced.

Moreover, plaintiff's allegation that the tracts of land acquired in

the scavenger sale were not sold to the highest bidder is not sufficient to overcome the presumption that the board, in contracting with the NHDOs, acted lawfully and regularly. (*Panozzo v. City of Rockford* (1940), 306 Ill. App. 443, 28 N.E.2d 748 (in suit by taxpayer and lowest bidder for city contract to restrain city from entering into a contract with higher bidder, it was not sufficient to overcome the presumption that the action of the city council in awarding the bid was lawful and regular by an allegation that the bid was not awarded to the lowest bidder).) Ordinarily, injunctive relief will not be granted against public officials with respect to official acts unless such acts are outside their given authority or are unlawful. *Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001, 445 N.E.2d 1.

■ The contracts entered into between the board and the NHDOs explicitly set forth the goal of returning tax delinquent properties to timely tax-producing status. By doing so, the board has attempted to fulfill the primary purpose of the Scavenger Act. (*People v. Anderson* (1942), 380 Ill. 158, 43 N.E.2d 997.) The benefit to all taxpayers from the board's action is the rehabilitation of the subject properties and the guarantee of low- and moderate-income housing for those citizens who earn no more than 80% of the Cook County median income. By honoring the goal of the Act and by guaranteeing this substantial and socially desirable benefit to Cook County and its taxpayers, the board has not been shown, based on the conclusory allegations of plaintiff's complaint, to have acted so unlawfully or irregularly as to justify the award against it of the injunctive relief plaintiff seeks.

Because plaintiff has failed to present factual averments in his pleadings to show (1) that a prior demand has been made on the taxing body to bring suit in its own behalf, and (2) that the board has acted unlawfully or irregularly, or (3) that the statute pursuant to which the board acted is facially unconstitutional, the trial court's granting of defendant's motion to dismiss was entirely proper.

For all of the reasons set forth above, we affirm the decision of the trial court, dismissing with prejudice plaintiff's amended complaint.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.