BOARD OF EDUCATION OF VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT No. 365U *et al.*, Plaintiffs-Appellants, v. KENT BOSWORTH, County Treasurer, *et al.*, Defendants-Appellees.

Third District   No. 3—85—0259

Opinion filed July 1, 1986.

Barry L. Moss and George A. Marchetti, both of Moss & Bloomberg, Ltd., of Bolingbrook, for appellant Board of Education of Valley View Community Unit School District No. 365U.

Gregory G. Lawton, of Judge & Knight, of Park Ridge, for appellee Kent Bosworth.

James E. Spiotto, James M. Breen, and Jonathan R. Nelson, all of Chapman & Cutler, of Chicago, for appellee Union National Bank and Trust Company.

Robert H. Schenk, of Schenk, Duffy, Quinn, McNamara, Phelan & Carey, of Joliet, for appellee National Bank of Joliet.

Gary L. Griffin, of McNeela & Griffin, of Chicago, for appellee Fidelity Deposit and Insurance Company of Maryland.

JUSTICE BARRY delivered the opinion of the court:

A Will County school district and several individual Will County taxpayers brought an action against the county of Will, the Will County collector, two banks, and Fidelity Deposit and Insurance Company, surety for the county collector, to recover interest alleged to have been wrongfully earned and retained by the banks and the county collector in the course of the tax-collection process during the years 1972 and 1982 and to recover interest which the county collector allegedly failed to earn by not investing collected tax monies properly in 1979. The circuit court of Will County granted defendants' motion to dismiss the first amended complaint with prejudice, and plaintiffs appealed from the dismissal order.

The issues presented by this appeal concern the method of tax collection utilized by Kent Bosworth, the county collector of Will County. In addition to collecting tax monies from taxpayers at his office and by mail, the collector also appointed certain employees of the defendant banks to serve as deputy collectors as authorized by section 184 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 665.) According to an opinion of the Illinois Attorney General issued to the State's Attorney of Will County in 1976, a corporation cannot be appointed to the position of deputy collector, and therefore, a bank cannot be named as deputy collector. However, if the county collector appoints an employee of a bank as a deputy collector, the employer bank can be used as a tax collection point. (*Cf.* 1976 Ill. Att'y. Gen. Op. 336.) Here, as the tax monies are collected at the banks, they are deposited in the county collector's account at each bank.

The first amended complaint asserted several theories of liability against the defendants, all involving tax collections prior to May 27, 1983. Plaintiffs concede that the trial court was correct in ruling that they have no cause of action against the county collector for alleged retention of interest or for delays in distribution of taxes to plaintiffs occurring prior to May 27, 1983. (*Board of Commissioners v. County of Du Page* (1984), 103 Ill. 2d 422, 467 N.E.2d 1370.) The same is true for the allegations asserting a claim against the collector's surety, Fidelity Deposit and Insurance Company of Maryland, for the interest earned on undistributed tax collections. Since the collector is not liable for the years in question, neither is his surety.

Plaintiffs' primary contention on appeal is that the defendant banks are liable for profits which the banks have earned by investing

the tax monies which were deposited in the county collector's accounts by the deputy collectors. Plaintiffs reason that the deputy collectors are agents of the county collector under section 184 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 665) which provides that the deputy collectors shall have the same authority to collect taxes as does the collector. Plaintiffs then state that the banks have the legal status of assistants of the deputy collectors since they provide facilities and services to the deputies for tax-collection purposes, and as such "assistant deputy collectors," the banks have assumed positions of public trust. Plaintiffs then argue that the banks have fiduciary duties toward the public which are breached when the banks earn and retain income on the tax monies deposited in the banks during the collection process. In addition to breaching their fiduciary duties by profiting from their fiduciary positions, the banks are also said to be violating article VII, section 9(a), of the Illinois Constitution (Ill. Const. 1970, art. VII, sec. 9(a)) which prohibits local government officers and employees from being compensated out of fees collected. Plaintiffs reason that investment earnings on collected tax monies constitute a fee within the meaning of the Illinois Constitution, and that the banks are liable for such "fees" retained for the years in question (1977 to 1980).

■ Plaintiffs' theory of liability is based upon the false premise that the banks are the assistants of their own employees and as such, assumed a fiduciary relationship to the taxpayers and the taxing bodies with regard to the tax monies which were collected and deposited in the banks. Plaintiffs' reasoning is fallacious. The facts alleged in the amended complaint do not establish the existence of any fiduciary duties or any discretionary authority on the part of the deputy collectors. Rather, the deputies are authorized to perform the strictly ministerial duty of receiving tax payments from taxpayers and depositing those funds into the designated account of the county collector. The deputies do not have authority to invest the collected funds. The banks function solely as depositories of tax monies and not as agents or assistants of the deputy collectors or the county collector. The relationship between the banks and the county collector is not one of agency but rather that of debtor-creditor. The courts have recognized the debtor-creditor relationship involved in this system of tax collection. *People ex rel. Nelson v. West Englewood Trust & Savings Bank* (1933), 353 Ill. 451, 187 N.E. 525; *People v. Farmers State Bank* (1929), 335 Ill. 617, 167 N.E. 804.

Neither the deputy collectors nor the banks have any discretion as to the type of account which the county collector may designate for

the deposit of tax collections. The county collector (treasurer) is vested by statute with the duty to designate depositories for public funds (*e.g.*, Ill. Rev. Stat. 1981, ch. 36, par. 22) and to invest those funds not required for expenditure within 31 days (Ill. Rev. Stat. 1981, ch. 36, par. 22.2). This responsibility is his alone. (*Fitzgerald v. County of Kane* (1974), 58 Ill. 2d 112, 317 N.E.2d 508). Furthermore, at the times involved here, the banks were prohibited by Federal banking regulations from paying interest on checking accounts. (12 C.F.R. sec. 217.2 (1986).) Given the law of Illinois, we affirm the trial court's ruling that plaintiffs have no cause of action against the banks to recover whatever "profits" the banks may have realized from investing the tax monies deposited in the county collector's checking accounts.

■ Plaintiffs also contend that the county collector is liable for the actions of his deputy collectors and thus is liable for the breach of fiduciary duties by the deputies and by the banks. Having found that neither the deputies nor the banks had discretionary duties which could be characterized as fiduciary in nature, we similarly hold that the plaintiffs have no cause of action against the county collector deriving from the actions of his deputies or from the actions of the banks. The same is true for the collector's surety. It should be noted that the deputy collectors are not named as defendants and are not parties to this suit.

■ Count IV of the amended complaint asserts that the county collector invested tax monies of the public-entity plaintiffs in accounts and instruments earning less than the prevailing market rates of interest and seeks to recover the amounts that should have been earned from the county collector, his surety, and/or the banks. Apparently the tax monies were first deposited in checking accounts and then after 30 days, transferred to savings account or certificates of deposits. Effective July 1, 1980, "An Act in relation to the deposit of public funds" was amended to add the requirement that any treasurer of public funds not needed for immediate disbursement must invest such funds within two working days "at prevailing rates or better." (Ill. Rev. Stat. 1981, ch. 102, par. 34.) Count IV alleges certain dates in 1979 when the county collector earned insufficient interest on funds held from the 1978 tax levy. Since the statutory requirement that investments be at prevailing rates did not become effective until 1980, the collector was not in violation of that statute in 1979. Furthermore, since the collector was not liable to the public-entity defendants for interest earned on tax monies prior to May 27, 1983, he could hardly be liable for interest which should have been earned but was

not earned before that date. Count IV contains other pleading deficiencies such as the failure to identified the funds and the failure to allege the prevailing interest rate that is claimed not to have been realized. The trial court certainly did not err in ruling that plaintiffs did not plead a cause of action for earnings at less than the prevailing rate of interest on invested funds.

■ Eight counts of the amended complaint purport to assert causes of action based upon alleged violations of plaintiffs' civil rights for which a remedy is claimed under 42 U.S.C. sections 1983 and 1985 (1976). These counts are predicated on an alleged deprivation of property without due process of law and of necessity, therefore, rest upon the assumption that the public-entity plaintiffs and/or the individual taxpayer plaintiffs had some sort of property right in collected tax monies. However, under the law of Illinois, plaintiffs are not entitled to either the investment income of the banks or to any interest— earned or unearned— on tax monies held by the county collector prior to distribution during the years in question. As we have indicated above, the depositing and investing of tax monies during the tax-collection process in Will County, as described in the first amended complaint herein, does not involve illegal actions on the part of the county collector, the deputy collectors, or the banks. Therefore, plaintiffs were not deprived of "any rights, privileges, or immunities secured by the Constitution or laws" (42 U.S.C. sec. 1983 (1976)) and have not alleged a cause of action based on any violation of plaintiffs' civil rights.

Plaintiffs have also asserted a claim to punitive damages founded on allegations that the illegal actions of the banks and the county collector were willful, malicious, and done in knowing violation of existing law. Since we have held that the actions alleged were not illegal, plaintiffs' claim for punitive damages is without merit.

Other contentions put forward by plaintiffs in their briefs on appeal are disposed of by the rulings set forth above and need not be discussed separately.

We affirm the order of the circuit court of Will County dismissing the first amended complaint with prejudice.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.